UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 7:09-cr-00657-GRA-1 |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Andre Tanzil Jeter, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court upon Defendant's *pro se* motion for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA), and the United States Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ___, 132 S.Ct. 2321 (2012). For the following reasons, Defendant's Motion is DENIED.

## Background

On January 13, 2010,[1] prior to the FSA taking effect on August 3, 2010, Defendant was sentenced before District Judge Henry F. Floyd to a total of 120 months imprisonment. ECF No. 80. This sentence consisted of the mandatory minimum term of imprisonment of 60 months under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) for conspiracy to possess with intent to distribute five grams or more of crack cocaine and also the consecutive mandatory minimum term of imprisonment of 60 months under 18 U.S.C. § 924(c)(1)(A)(i) for using and carrying a firearm during a

---

[1] Defendant's judgment and commitment order were entered on January 27, 2010. ECF No. 80.

drug trafficking crime. *Id.* For his drug offense, Defendant's total offense level was 21 and his criminal history category was a level III, producing a guideline range of 46 to 57 months imprisonment. However, Defendant was subject to the mandatory minimum sentence of 60 months for the drug offense.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to liberally construe pleadings filed by a *pro se* litigant in order to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Section 3582(c)(2) of Title 18 of the United States Code provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) and the applicable policy statements issued by the Sentencing Commission.

The Fair Sentencing Act of 2010 (FSA) statutorily changed the threshold quantities of cocaine base, or "crack cocaine," that trigger mandatory minimum sentences under 21 U.S.C. § 841(b) and directed the Sentencing Commission to amend the Guidelines to reflect these new levels "as soon as practicable." Fair Sentencing Act of 2012, Pub. L. No. 111–220, § 8(1), 124 Stat. 2372 (2010). Thus, the Sentencing Commission promulgated Amendment 750, which became effective on November 1, 2011, and was made retroactive. This amendment adjusts the base

offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward to conform to the FSA. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). However, the new guideline ranges that resulted from Amendment 750 are inapplicable to defendants who were sentenced under the statutory mandatory minimum at the time of their sentences. See U.S.S.G. § 1B1.10 (stating "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"); U.S.S.G. § 5G1.2(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Here, Defendant's original guideline range for his drug conviction was 46 to 57 months under U.S.S.G. § 2D1.1 and other provisions. Defendant, however, faced a mandatory minimum sentence of 60 months under the statute for conspiracy to possess with intent to distribute five grams or more of crack cocaine, which exceeded the maximum end of the guideline range. Thus, because Defendant's sentence was under the statutory mandatory minimum and not the previous guideline ranges, Amendment 750 and the new guideline ranges do not apply to Defendant.

Nevertheless, under the United States Supreme Court's decision in *Dorsey v. United States*, 567 U.S. \_\_\_, 132 S.Ct. 2321 (2012), the FSA and its new mandatory minimum sentences may apply retroactively in some instances to defendants sentenced to the previous mandatory minimums. The FSA went into effect on August

3, 2010 and changed the minimum quantities of cocaine base or "crack cocaine" that trigger mandatory minimum sentences under 21 U.S.C. § 841(b). The Act increased the amount of "cocaine base" required for a mandatory 5-year minimum sentence from 5 grams to 28 grams and increased the amount required for a mandatory minimum sentence of 10 years from 50 grams to 280 grams. In *Dorsey*, the Supreme Court held that the FSA's new, lower mandatory minimums "apply to the post-Act sentencing of pre-Act offenders." 567 U.S. at ___, 132 S.Ct. at 2335. In other words, all defendants sentenced after August 3, 2010 when the FSA went into effect get the benefit of the new mandatory minimums, even if their offense conduct occurred before that date. *Id.*

Yet, *Dorsey* does not provide for retroactive application of the FSA to any defendant sentenced before August 3, 2010. The Fourth Circuit made clear in its decision in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) that "the Act applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" *Id.* at 221 (quoting *Dorsey*, 567 U.S. at ___, 132 S.Ct. at 2331). Moreover, the Fourth Circuit has also held that the FSA itself contains no express statement of retroactivity and that no such intent can be inferred. *United States v. Bullard*, 645 F.3d 237, 238–49 (4th Cir. 2011).

In this case, Defendant was sentenced on January 13, 2010—long before the FSA went into effect on August 3, 2010. Thus, because Defendant was sentenced before the FSA went into effect, he does not receive the benefit of the new lower statutory minimums.

## Conclusion

Therefore, because Defendant was sentenced under the statutory mandatory minimum sentence for his "crack cocaine" offense and because he was sentenced before August 3, 2010, the Court finds that he is not entitled to a reduction in his sentence. All provisions of Defendant's previous sentence dated January 13, 2010 remain in full force.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 5, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**